OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be modified, without costs, in accordance with this memorandum, and as so modified, affirmed. The certified question should be answered in the negative.
 

 We agree with the Appellate Division that the alleged misfeasance of insurance agents and brokers toward their clients is not “malpractice” within CPLR 214 (6)
 
 (see, Chase Scientific Research v NIA Group,
 
 96 NY2d 20 [decided today]). That a breach of contract claim against insurance agents and brokers would be governed by the six-year statute (CPLR 213 [2]) does not, however, resolve this appeal because Herbert, in its third-party complaint, has not asserted a breach of contract claim against Essential. Herbert’s third-party complaint charges “negligence and/or errors or omissions,” and “negligence, material misrepresentation or fraud.” Fraud (CPLR 213 [8]) and misrepresentation (CPLR 213 [1]) have six-year limitations periods; negligence has a three-year limitations period
 
 *767
 
 (CPLR 214 [4]). Applying these sections rather than CPLR 214 (6), there should be a factual determination as to whether the action was timely commenced. Issues regarding contribution and indemnification, argued in Supreme Court, are not raised before us.
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley, Rosenblatt and Graffeo concur in memorandum.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order modified, etc.