■ UST PRIVATE EQUITY INVESTORS FUND, INC., et al., Appellants, v SALOMON SMITH BARNEY et al., Respondents. [733 NYS2d 385] —Judgment, Supreme Court, New York County (Charles Ramos, J.), entered August 10, 2000, which, upon a prior order, same court and Justice, entered on or about August 3, 2000, granting defendants' motion pursuant to CPLR 3211 (a) (1) and (7) and 3016 (b), dismissed the complaint, unanimously affirmed, with costs.

Plaintiffs are sophisticated investors that purchased preferred stock of AbTox, Inc. (AbTox) in a private placement that closed in March 1997. Plaintiffs allege that, prior to the closing, they conducted their own due diligence examination of AbTox, in which they received information and documents directly from AbTox, not from defendants, the investment banking firms AbTox had engaged to act as its placement agents and advisors in connection with the offering. After the closing, plaintiffs allegedly learned for the first time that AbTox's sole

product, a medical sterilizer, had not been cleared for marketing by the Food and Drug Administration (FDA) in the form in which AbTox had distributed it, and the company subsequently became bankrupt.

Plaintiffs allege that, notwithstanding extensive disclaimers set forth in the offering memorandum prepared by defendants based on information provided by AbTox, plaintiffs purchased their securities in reliance on inaccurate statements in the offering memorandum and other informational materials provided to them by defendants that AbTox's product had been cleared for marketing by the FDA. Plaintiffs further allege that they did not discover the lack of clearance during their due diligence because the existence of "deficiency letters" sent by the FDA to AbTox in May and September of 1996 had been concealed from them. Based on these allegations, plaintiffs sue defendant investment banking firms for fraud and negligent misrepresentation, as here relevant.

We affirm the grant of defendants' motion to dismiss the complaint. As a matter of law, a sophisticated plaintiff cannot establish that it entered into an arm's length transaction in justifiable reliance on alleged misrepresentations if that plaintiff failed to make use of the means of verification that were available to it, such as reviewing the files of the other parties (*see, e.g.*, *Stuart Silver Assocs. v Baco Dev. Corp.*, 245 AD2d 96, 98-99; *Abrahami v UPC Constr. Co.*, 224 AD2d 231, 234; *Stuart Lipsky, P. C. v Price*, 215 AD2d 102, 103; *Curran, Cooney, Penney v Young & Koomans*, 183 AD2d 742, 743-744, *lv denied* 80 NY2d 757). In this case, the offering memorandum advised plaintiffs that defendant investment bankers could not guarantee the accuracy or completeness of the information set forth therein, and specifically directed plaintiffs to "rely upon their own examination" of AbTox and to request from AbTox whatever additional information or documents they deemed necessary to make an informed investment decision. Accordingly, as alleged by plaintiffs, the president of one of the institutional plaintiffs, in the course of the due diligence he personally conducted to verify the clearance status of AbTox's product, was provided with a chronology that made reference to, but did not include, the very documents that ultimately alerted him to the clearance problem when he received copies of them nearly a year after the closing. If plaintiffs had requested and carefully reviewed these documents during their due diligence, they would have been apprised of the clearance issue before making their investment decision. Accordingly, plaintiffs cannot claim to have justifiably

relied on the statements regarding clearance in the offering memorandum and other informational documents (*see, e.g., Schlaifer Nance & Co. v Estate of Warhol*, 119 F3d 91, 101; *Grumman Allied Indus. v Rohr Indus.*, 748 F2d 729, 738).

We further note that the matter of the clearance of AbTox's product was not peculiarly within the knowledge of defendants, who were engaged by AbTox to act as placement agents and financial advisers, and plaintiffs have not alleged any facts from which it could logically be inferred that defendants' access to the relevant information was superior to the access afforded to plaintiffs during their due diligence, or that defendants otherwise knew, or recklessly disregarded the likelihood, that AbTox was concealing material information from plaintiffs (*see*, CPLR 3016 [b]; *Congress Fin. Corp. v John Morrell & Co.*, 790 F Supp 459, 470-472). Concur—Rosenberger, J. P., Williams, Ellerin, Buckley and Marlow, JJ.