■ SPECTRA SECURITIES SOFTWARE, INC., Appellant, v MUNIBEX.COM, INC., Defendant, and M.R. BEAL & COMPANY et al., Respondents. [763 NYS2d 313] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered June 3, 2002, which granted the motion of defendants M.R. Beal & Company (M.R. Beal) and Bernard Beal to dismiss plaintiff's third, fourth and fifth causes of action, unanimously affirmed, without costs.

In December 1998, M.R. Beal and plaintiff entered into discussions about plaintiff's ability to provide software, services and support to facilitate M.R. Beal's establishment of an Internet-based municipal bond trading network. The negotiations resulted in M.R. Beal and plaintiff executing a letter of intent in June 1999, pursuant to which the parties agreed to negotiate a mutually acceptable agreement in good faith. In May 2000, approximately one week before the execution of the parties' Definitive Agreement, plaintiff was informed that the party it would be contracting with was defendant MuniBEX.com, a corporation formed in January 2000 to operate the Internet trading network. Plaintiff unsuccessfully sought guarantees from M.R. Beal and Bernard Beal before signing the Definitive Agreement with MuniBEX.com, which subsequently defaulted on payments due. Plaintiff thereafter

commenced the instant action seeking damages on breach of contract and fraud theories from MuniBEX.com, M.R. Beal and Bernard Beal.

The IAS court properly dismissed plaintiff's third and fifth causes of action seeking to pierce the corporate veil and hold M.R. Beal and Bernard Beal liable. Plaintiff failed to show that M.R. Beal and Bernard Beal used their alleged domination of MuniBEX.com to commit a fraud or wrong against it warranting equitable intervention (see Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 141-142 [1993]; and see TNS Holdings v MKI Sec. Corp., 92 NY2d 335 [1998]). The Definitive Agreement entered into between plaintiff and MuniBEX.com was the product of substantial negotiations, which included discussions on the very issue of MuniBEX.com executing the Definitive Agreement.

The IAS court also properly dismissed plaintiff's fourth cause of action against Bernard Beal, alleging that it was fraudulently induced to enter the Definitive Agreement by statements made by Bernard Beal assuring plaintiff that it would not be harmed by naming MuniBEX.com as the party to the Definitive Agreement. Under the circumstances, the alleged statements can only be understood as expressions of opinion, which are nonactionable (see Longo v Butler Equities II, 278 AD2d 97 [2000]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Andrias, J.P., Saxe, Sullivan and Ellerin, JJ.