■ THE MANES ORGANIZATION, INC., Respondent-Appellant, v MEADOWBROOK-RICHMAN, INC., et al., Respondents, and POLAR INTERNATIONAL BROKERAGE CORP., Appellant-Respondent. (And a Third-Party Action.) [770 NYS2d 27]—

Order, Supreme Court, New York County (Rosalyn Richter, J.), entered June 4, 2003, which, to the extent appealed and cross-appealed from as limited by the briefs, granted the motion of defendants Meadowbrook-Richman, Inc. and Total Dollar Management Effort, Ltd. and the cross motion of defendant Polar International Brokerage Corp. for summary judgment dismissing the complaint to the extent of dismissing plaintiff's first and second causes of action for negligence and professional malpractice, unanimously modified, on the law, to dismiss the complaint and cross claim as against defendant Polar, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

In light of the absence of evidence of a special relationship between defendants and plaintiff, upon which a duty to advise plaintiff respecting the terms of its insurance policy might be premised, plaintiff's negligence claims were properly dismissed (*see Murphy v Kuhn*, 90 NY2d 266, 270-271 [1997]; *cf. Baseball Off. of Commr. v Marsh & McLennan*, 295 AD2d 73 [2002]). Moreover, plaintiff has set forth no independent ground upon which to advance a claim for negligence in addition to its cause of action for breach of contract (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389-390 [1987]; *see also McMahan & Co. v Bass*, 250 AD2d 460, 462 [1998], *lv denied in part and dismissed in part* 92 NY2d 1013 [1998]). Plaintiff's malpractice claims were not viable since, inter alia, defendant insurance brokers and adjuster are not deemed to be professionals (*see Chase Scientific Research v NIA Group*, 96 NY2d 20, 30 [2001]; *Santiago v 1370 Broadway Assoc.*, 96 NY2d 765, 766 [2001]).

While it is reasonable to impose on an insurance adjuster the obligation to conclude negotiations with a carrier in time to preserve the insured's right to commence litigation should the carrier unreasonably delay payment of the claim, plaintiff has failed to demonstrate that it had a contractual relationship with defendant Polar at the time of the asserted breach (*see Kagan v K-Tel Entertainment*, 172 AD2d 375, 377 [1991]). Mere speculation that Polar remained in a joint venture with plaintiff's public adjuster, defendant Meadowbrook-Richman, when plaintiff's

time to commence suit expired is insufficient to show privity and does not constitute evidence sufficient to defeat a motion for summary judgment (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324-325 [1986]). Concur—Nardelli, J.P., Tom, Andrias, Rosenberger and Friedman, JJ.