■ DANIELLA LEVI et al., Respondents-Appellants, v UTICA FIRST INSURANCE COMPANY, Appellant-Respondent, and MORSTAN GENERAL AGENCY et al., Respondents. [786 NYS2d 3]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered September 15, 2003, which, to the extent appealed and cross-appealed from, denied defendant Utica's cross motion for summary judgment, denied plaintiffs' cross motion for summary judgment on their breach of contract claim against Utica and negligence claim against defendant Morstan and the Derzie defendants, dismissed the negligence claim against Morstan and dismissed the seventh and eighth causes of action for negligent and intentional misrepresentation against Utica and Morstan, unanimously modified, on the law, the third and fourth causes of action for breach of implied duty of good faith and fair dealing against Utica are also dismissed, and otherwise affirmed, without costs. Order, same court and Justice, entered April 30, 2004, which, to the extent appealable, denied Utica's motion to renew consideration of the earlier order with respect to its indemnification claim against Morstan and granted plaintiffs' cross motion for reargument and reinstated plaintiffs' claim for forgery with intent to defraud against Utica, unanimously affirmed, without costs.

Material issues of fact preclude granting either Utica or plaintiffs summary judgment for breach of contract, which issues include but are not limited to whether Morstan had actual or apparent authority to bind Utica (*see Hallock v State of New York*, 64 NY2d 224, 232 [1984]; *Wood v Carter Co.*, 273 AD2d 7 [2000]), and whether plaintiffs' omissions in the application constituted material misrepresentations.

The negligence claim against Morstan was properly dismissed because the complaint does not allege any contact between plaintiffs and Morstan, any representation by Morstan to plaintiffs, or any acts of Morstan that might otherwise link it to plaintiffs. Absent the showing of a special relationship between Morstan and plaintiffs, upon which a duty to advise them respecting the terms of their insurance policy might be premised, plaintiffs are not entitled to judgment against Morstan (*Murphy v Kuhn*, 90 NY2d 266 [1997]; *Manes Org. v Meadowbrook-Richman, Inc.*, 2 AD3d 292 [2003]). Moreover, absent privity of contract or a relationship approaching privity (*see Securities Inv. Protection Corp. v BDO Seidman*, 95 NY2d 702, 711-712 [2001]; *Parrott v Coopers & Lybrand*, 95 NY2d 479, 484 [2000]), a claim for negligent or intentional misrepresentation cannot survive against Morstan or Utica, whose liability, if any, can only be established through the act of Morstan, the agent.

Plaintiffs' third and fourth causes of action are redundant

since a breach of the implied duty of good faith and fair dealing is intrinsically tied to the damages allegedly resulting from the breach of the contract (*Canstar v Jones Constr. Co.*, 212 AD2d 452 [1995]).

The forgery claim was properly reinstated. Since issues of fact remain as to whether Utica had notice of the binder prior to the fire and authorized its issuance, there are questions as to whether Utica itself handled the application at some point in the process and somehow altered it, or if Utica did not directly handle the application, whether Morstan's conduct, as its authorized agent, may be imputed to Utica.

Utica's request for judgment on its cross claim against Morstan, raised for the first time on its motion to reargue the court's prior order, was properly denied. Such a motion is not an appropriate vehicle for raising new questions (*Frisenda v X Large Enters.*, 280 AD2d 514 [2001]). Concur—Buckley, P.J., Nardelli, Saxe, Sullivan and Gonzalez, JJ.