■ PERMASTEELISA, S.P.A., Appellant, v LINCOLNSHIRE MANAGEMENT, INC., et al., Respondents, et al., Defendants. [793 NYS2d 16]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered August 2, 2004, which granted defendants' motions to dismiss the complaint, unanimously affirmed, with separate bills of costs.

In this action arising from plaintiff's purchase of its largest New York competitor in the curtain wall industry, the motion court correctly found that plaintiff could not show the requisite reasonable reliance to support its fraud claim based on a provision in the parties' agreement acknowledging that plaintiff had all of the information necessary to make an informed decision with respect to the transaction. Moreover, despite its evident qualms regarding defendants' failure to comply with its obligation to provide certain information during the very brief due diligence period, plaintiff neglected to seek examination of the books and records of the company it was acquiring, relying on an unaudited financial statement that allegedly proved inaccurate, and failed to seek the insertion of a prophylactic provision in the purchase agreement to ensure against the possibility of misrepresentation (*see Rodas v Manitaras*, 159 AD2d 341, 343 [1990]).

The contract claim was essentially duplicative of the insufficient fraud claim (*see Coppola v Applied Elec. Corp.*, 288 AD2d 41, 42 [2001]). The claim for breach of the implied covenant of good faith, which the motion court aptly noted failed to set forth any additional factual allegations, merely duplicated the insufficient contract claim (*see Levi v Utica First Ins. Co.*, 12 AD3d 256 [2004]).

We have considered plaintiff's other contentions and find them unavailing. Concur—Mazzarelli, J.P., Marlow, Sullivan, Ellerin and Catterson, JJ.