■ DUNNIE LAI et al., Respondents-Appellants, et al., Plaintiff, v H.J. GARTLAN, JR., Also Known as JAY GARTLAN, Also Known as HARRY GARTLAN, et al., Defendants, and DAVID WANKOFF, Appellant-Respondent. [811 NYS2d 917]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered March 25, 2004, which, to the extent appealed from as limited by the briefs, denied so much of defendant Wankoff's motion to dismiss plaintiffs' fraud cause of action but granted dismissal of the cause of action for legal malpractice, and order, same court and Justice, entered January 12, 2005, which, to the extent appealable and appealed from, denied plaintiffs' motion to renew the order of March 25, 2004, unanimously modified, on the law, the fraud claim dismissed, and otherwise affirmed, without costs.

Plaintiffs' legal malpractice claims were time-barred. The documentation plaintiffs submitted showed only the continua-

tion of a general professional relationship, and not an ongoing representation concerning the specific matters from which their claims arose (*see Parlato v Equitable Life Assur. Socy. of U.S.*, 299 AD2d 108 [2002], *lv denied* 99 NY2d 508 [2003]; *cf. Shumsky v Eisenstein*, 96 NY2d 164 [2001]). Furthermore, the second amended complaint failed to plead fraud by Wankoff with sufficient specificity (*see* CPLR 3016 [b]). Plaintiffs failed, inter alia, to allege any material misrepresentation by Wankoff or any material omission he knew to be false (*see J.A.O. Acquisition Corp. v Stavitsky*, 18 AD3d 389 [2005]). Concur—Andrias, J.P., Saxe, Sullivan, Williams and McGuire, JJ.