■ Iris Albstein, Appellant, v Elany Contracting Corp., Defendant, and Robert Krieger, Respondent. [818 NYS2d 8]—

Order, Supreme Court, New York County (Helen E. Freedman, J.), entered April 21, 2005, which granted defendant Krieger's motion pursuant to CPLR 3211 (a) to dismiss the amended complaint as against him, unanimously affirmed, with costs.

The gravamen of the amended complaint is breach of contract for substandard performance, incomplete work, or both (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382 [1987]; *Westminster Constr. Co. v Sherman*, 160 AD2d 867 [1990]). That Krieger "oversaw" and "orchestrated" the renovation of plaintiff's apartment is of no import. Plaintiff alleged nothing more than a breach of contract, and it is undisputed that her contractual privity was with the corporate defendant, not Krieger. All claims against Krieger in his personal capacity were properly dismissed.

Plaintiff's conclusory allegations regarding piercing the corporate veil were also properly rejected. She alleged nothing more than that the corporation was "undercapitalized" and functioned as Krieger's "alter ego." She failed to plead any facts to substantiate such conclusory claims, and does not sufficiently allege that the corporate form was used to commit a fraud against her (*see Feigen v Advance Capital Mgt. Corp.*, 150 AD2d 281 [1989], *lv dismissed and denied* 74 NY2d 874 [1989]). The fraud cause of action fails because it lacks the requisite specificity. The cause of action under Lien Law article 3-A, for breach of fiduciary duty, is deficient because the statute does not permit the assertion of a fiduciary relationship between a real estate owner and a contractor.

We have considered and rejected plaintiff's additional argu-

ments as without merit. Concur—Tom, J.P., Saxe, Friedman, Sullivan and McGuire, JJ.