■ RON JEBRAN et al., Appellants, v LASALLE BUSINESS CREDIT, LLC, Respondent. [824 NYS2d 224]—

Appeal from order, Supreme Court, New York County (Helen E. Freedman, J.), entered on or about January 17, 2006, which denied plaintiffs' motion to file a second amended complaint, and granted defendant's motion to dismiss the complaint, deemed to be appeal from judgment, same court and Justice, entered January 18, 2006, dismissing the complaint, and so considered, said judgment unanimously affirmed, with costs.

Plaintiffs' motion to amend was not supported by an affidavit of merit from a person with knowledge, nor was the cause of action for fraud pleaded in sufficient detail (CPLR 3016 [b]). Even assuming that the affirmation by their counsel was sufficient, plaintiffs, who had no fiduciary or special relationship with defendant, could not establish a cause of action for aiding and abetting fraud, since they failed to allege any communications with defendant, let alone that defendant had made any misrepresentations, or had any duty to disclose the same (*National Westminster Bank v Weksel*, 124 AD2d 144 [1987], *lv denied* 70 NY2d 604 [1987]).

Plaintiffs allege simply that defendant remained silent regarding a purported misrepresentation in a loan agreement between plaintiffs and defendant's borrower, which is insufficient to sustain a claim for aiding and abetting unless the defendant owes an independent duty to the plaintiff (*Albion Alliance Mezzanine Fund, L.P. v State St. Bank & Trust Co.*, 8 Misc 3d 264, 271 [2003], *affd* 2 AD3d 162 [2003]). Even assuming that there was a misrepresentation in the loan agreement and that defen-

dant was responsible for it, plaintiffs cannot demonstrate the requisite reasonable reliance to support a fraud claim based on a provision contained in the loan agreement in which they acknowledged that they had all of the information necessary to make an informed transaction with respect to the loan (*Permasteelisa, S.p.A. v Lincolnshire Mgt., Inc.*, 16 AD3d 352 [2005]).

Since New York does not recognize a substantive tort of conspiracy and plaintiffs have not properly pleaded any other causes of action, the action was properly dismissed (*Agostini v Sobol*, 304 AD2d 395 [2003]). Concur—Tom, J.P., Marlow, Sullivan, McGuire and Malone, JJ.