■ Andejo Corp., Doing Business as Seaport Watch Company, et al., Appellants-Respondents, v South Street Seaport Limited Partnership, Respondent-Appellant, and Seaport Marketplace LLC et al., Respondents, et al., Defendants. [836 NYS2d 571]—

Order, Supreme Court, New York County (Harold B. Beeler, J.), entered January 10, 2006, which granted defendants' cross motion to dismiss the second amended complaint to the extent of dismissing plaintiffs' causes of action for breach of contract and breach of fiduciary duty against all defendants except South Street Seaport Limited Partnership (SSSLP), and which denied plaintiffs' motion for leave to amend the complaint to assert a cause of action for fraud, unanimously modified, on the law, the breach of contract claim reinstated as against defendant Seaport Marketplace, the breach of fiduciary duty claim dismissed in its entirety, and otherwise affirmed, without costs.

This action is essentially a landlord-tenant dispute governed by New York law. The breach of contract and breach of fiduciary duty claims were properly dismissed against defendants Rouse Company, General Growth Properties and Red Acquisition (collectively, the Rouse defendants), the owners of the Seaport. The Rouse defendants were not signatories to the leases between plaintiffs and SSSLP, and in these circumstances "there is no support for the conclusion that a fiduciary relationship exist[ed]" (Alpert v Shea Gould Climenko & Casey, 160 AD2d 67, 73 [1990]). The court also properly declined to pierce the corporate veil to allow the claims against the Rouse defendants to continue. Other than conclusory statements that the Rouse defendants dominated and controlled their subsidiaries (SSSLP and Marketplace), plaintiffs failed to allege particularized facts to warrant piercing the corporate veil (see Albstein v Elany Contr. Corp., 30 AD3d 210 [2006], lv denied 7 NY3d 712 [2006]). The court also properly entertained the arguments of defendant South Street Seaport Merchants Association, a not-for-profit corporation established to promote the general business interests of the merchants at the Seaport, and dismissed the complaint as against it. The breach of contract and breach of fi-

duciary duty claims against the Merchants Association were not viable, and although its affirmation in support of the cross motion to dismiss was late, plaintiffs were not prejudiced and had a sufficient opportunity to respond to the arguments (*see Walker v Metro-North Commuter R.R.*, 11 AD3d 339, 340 [2004]).

As to the claim for breach of fiduciary duty against SSSLP, our review of the second amended complaint shows this claim to be merely duplicative of the breach of contract cause of action (*see William Kaufman Org. v Graham & James*, 269 AD2d 171, 173 [2000]). However, Seaport Marketplace is reinstated as a defendant to plaintiffs' breach of contract claim. As the general partner of the landlord SSSLP, Marketplace executed the leases that were purportedly breached on behalf of SSSLP, and acted as the managing agent of the Seaport. Under these circumstances, Marketplace's potential liability is based on its actions both individually and as the general partner of SSSLP.

The court properly denied plaintiffs' motion for leave to amend the complaint to assert a cause of action for fraud. Although leave to amend is freely granted, the alleged statements upon which plaintiffs rely in support of this claim constituted nonactionable expressions of opinion and predictions (*see Spectra Sec. Software v MuniBEX.com, Inc.*, 307 AD2d 835, 836 [2003]).

We have considered the parties' remaining contentions for affirmative relief and find them unavailing. Concur—Andrias, J.P., Buckley, Catterson, Malone and Kavanagh, JJ.