■ M ENTERTAINMENT, INC., et al., Appellants, v LAURENCE LEYDIER et al., Respondents. [897 NYS2d 402]—

Upon remittitur from the Court of Appeals (13 NY3d 827 [2009]), judgment, Supreme Court, New York County (Karen S. Smith, J.), entered November 27, 2007, dismissing the complaint, and bringing up for review an amended order, same court and Justice, entered on or about October 17, 2007, which, after a nonjury trial, directed entry of the judgment, unanimously modified, on the law, plaintiffs granted judgment on the issue of liability on that portion of their claim for fraudulent inducement as against defendant Leydier based on the August 19, 2000 memorandum of understanding (MOU), the matter remanded for a hearing on the issue of damages with respect to that claim, plaintiffs' motion to amend the pleadings to conform to the evidence granted to the extent of permitting reference to the Haptek/Character Entertainment Addendum, and otherwise affirmed, without costs. Appeal from the amended order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The Court of Appeals has ruled (13 NY3d 827 [2009]) that this Court has jurisdiction to entertain the appeal notwithstanding mail service of the notice of appeal on defendants' attorneys in contravention of CPLR 2103 (f) (1), by depositing said notice in an official depository under the exclusive care and custody of the United States Postal Service *outside* the state. Leydier does not dispute that plaintiffs filed the notice with the County Clerk or that defense counsel received the notice well within the 30-day statutory time period set forth in CPLR 5513 (a). Therefore, defendants have not been prejudiced as a result of the mailing from without the state, and we exercise our discretion to disregard the irregularity (CPLR 2001, 5520 [a]; *see People ex rel. Di Leo v Edwards*, 247 App Div 331, 334 [1936]).

The record demonstrates that plaintiffs are entitled to judg-

ment on the issue of liability on that portion of their claim of fraudulent inducement against Leydier based on the MOU. Clear and convincing evidence (see e.g. *Chopp v Welbourne & Purdy Agency*, 135 AD2d 958, 959 [1987]) shows that Leydier misrepresented or omitted a material fact in connection with the MOU when he represented to plaintiffs that he owned or possessed the exclusive, worldwide rights to the subject software when in fact he did not, that plaintiffs relied on that misrepresentation or omission to their detriment, and that plaintiffs were damaged as a result of paying Leydier $150,000 for the right to exercise an option to acquire rights that he did not own (see *Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996]).

However, plaintiffs failed to prove by clear and convincing evidence that Leydier fraudulently induced them to enter into the October 22, 2000 license agreement because, by the time they entered into that agreement, plaintiffs had discovered that Leydier did not possess the full extent of the rights that he represented. Plaintiffs thus had "hints of falsity" in their business dealings with Leydier, imposing upon them a heightened degree of diligence (see *Global Mins. & Metals Corp. v Holme*, 35 AD3d 93, 100 [2006], *lv denied* 8 NY3d 804 [2007]). Furthermore, plaintiffs were advised by counsel not to go forward with the transaction without conducting further diligence, yet proceeded with the transaction without contacting Haptek, the third party from whom plaintiffs discovered Leydier had acquired the rights, to determine the nature and extent of those rights under the various agreements between them. Nor did plaintiffs insist on more protective language in the license agreement to account for the possibility that Leydier's representations concerning his interests in the subject technology might prove to be false (see *Permasteelisa, S.p.A. v Lincolnshire Mgt., Inc.*, 16 AD3d 352 [2005]; *Abrahami v UPC Constr. Co.*, 224 AD2d 231, 234 [1996]; *Rodas v Manitaras*, 159 AD2d 341, 343 [1990]).

The credible evidence supports the trial court's finding that defendants Wardrop Engineering and J.C. "Cam" Thompson did not fraudulently induce plaintiffs to enter into either the August 19, 2000 MOU or the October 22, 2000 license agreement. These defendants were not parties to either agreement, nor did they receive any money in connection with the subject transaction. The record shows that their involvement was limited to the presence of Thompson and the CEO of Wardrop's affiliate at two meetings between plaintiffs and Leydier, at which Leydier demonstrated the subject technology; Leydier's use of Wardrop's board room for one of those meetings; and Thomp-

son's presentation of his business cards to plaintiffs, identifying himself as a principal of the Wardrop affiliate. Contrary to plaintiffs' contentions, Wardrop did nothing to give rise to the appearance and belief that Leydier or Thompson possessed authority to enter into a transaction with plaintiffs on its behalf. In any event, to the extent that Leydier, Thompson, or both, made such representations, the words or conduct of a putative agent are insufficient to create apparent authority (*Ford v Unity Hosp.*, 32 NY2d 464, 473 [1973]).

Plaintiffs' motion pursuant to CPLR 3025 (c) to amend the pleadings to conform to the evidence is granted to the extent of permitting reference to the Haptek/Character Entertainment Addendum between Leydier and Haptek pursuant to which Haptek supposedly curtailed the nature and extent of Leydier's rights to the subject technology. The document was received into evidence by the trial court. It was considered by the court in rendering its decision and is part of the record on appeal. Therefore, there can be no prejudice to Leydier in permitting the amendment (*see Matter of Denton*, 6 AD3d 531, 532-533 [2004], *lv dismissed* 3 NY3d 656 [2004]). We decline to exercise our discretion, however, to permit an amendment with respect to the evidence purporting to show the full extent of Wardrop's negligence in allowing its name, offices, reputation and agents to be used by Leydier. Such an amendment is potentially prejudicial to Wardrop, and the application, as it pertains to the evidence against Wardrop, was improperly interposed for the first time on appeal (*see Matter of Ga Young Lee v Charl-Ho Park*, 16 AD3d 986, 988 [2005]).

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Tom, J.P., Andrias, Buckley, DeGrasse and Richter, JJ.