■ BARNELI & CIE SA, Respondent, v DUTCH BOOK FUND SPC, LTD, et al., Appellants. [946 NYS2d 53]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered August 12, 2010, which, insofar as appealed from, denied defendants' motion to dismiss the fourth and fifth causes of action pursuant to CPLR 3211 (a) (1) and (7) and 3016 (b), unanimously reversed, on the law, with costs, and the motion granted. Appeal from order, same court and Justice, entered August 25, 2011, which, inter alia, upon reargument, adhered to the determination on the original motion, unanimously dismissed, without costs, as academic. The Clerk is directed to enter judgment in defendants' favor dismissing the complaint.

The fourth cause of action (for fraud) is not viable, given the representations and warranties that plaintiff made in the

Subscription Agreement that it signed and the fact that it failed to investigate before investing $50 million in defendant Dutch Book Fund SPC, Ltd (Fund) (*see e.g. MBIA Ins. Corp. v Merrill Lynch*, 81 AD3d 419 [2011]; *Graham Packaging Co., L.P. v Owens-Illinois, Inc.*, 67 AD3d 465 [2009]; *Permasteelisa, S.p.A. v Lincolnshire Mgt., Inc.*, 16 AD3d 352 [2005]). If neither plaintiff nor its representatives had expertise in algorithms or probability theory, then plaintiff should have "retain[ed] qualified outside consultants" (*HSH Nordbank AG v UBS AG*, 95 AD3d 185 [2012]).

The fraud claim cannot be sustained as against defendants Dutch Book Partners, LLC (Partners) and Stanley R. Jonas for the additional reason that plaintiff relied solely on Fund documents (*see Valassis Communications v Weimer*, 304 AD2d 448 [2003], *appeal dismissed* 2 NY3d 794 [2004]), and did not allege any actionable statements made by Partners or Jonas (*see e.g. Lai v Gartlan*, 28 AD3d 263 [2006]; *Handel v Bruder*, 209 AD2d 282 [1994]).

Because the fraud claim cannot stand as against Partners, there is no basis on which to hold Jonas liable as the alter ego of Partners (the fifth cause of action). In addition, the conclusory allegations in the complaint are insufficient to state a veil-piercing claim (*see e.g. Andejo Corp. v South St. Seaport Ltd. Partnership*, 40 AD3d 407 [2007]; *Albstein v Elany Contr. Corp.*, 30 AD3d 210 [2006], *lv denied* 7 NY3d 712 [2006]). Concur—Friedman, J.P., Sweeny, Renwick, Freedman and Abdus-Salaam, JJ. [**Prior Case History: 28 Misc 3d 1232(A), 2010 NY Slip Op 51571(U).**]