*634 Order, Supreme Court, New York County (Eileen Bransten, J.), entered December 14, 2011, which, inter alia, granted defendant’s motion to dismiss the complaint solely to the extent of dismissing the third cause of action, unanimously modified, on the law, to dismiss the fifth cause of action for fraudulent inducement, and to strike the request for punitive damages, and otherwise affirmed, without costs.
The parties entered into a Stock Purchase Agreement (Agreement) for the purchase of Mountain Creek, Inc. (MCI), a New Jersey vacation resort, for the price of $15 million to be adjusted by, inter alia, the value of MCI’s interim net revenue, to be calculated according to the Agreement. A dispute arose regarding the calculation of the interim net revenue, and plaintiff alleged that defendant refused to resolve the dispute pursuant to the Agreement. Under the circumstances, plaintiff sufficiently pleaded a breach of the Agreement, which provided a specific method for resolving disputes concerning calculations of the interim net revenue (see Furia v Furia, 116 AD2d 694 [1986]).
Defendant represented in the Agreement that its financial statements had accurately presented MCI’s results of operations for fiscal year 2009, and plaintiff allegedly later learned that this amount was materially different, especially as concerned MCI’s obligations, due to the understatement of the company’s liability for warranty reserves, and its insurance expenses. Defendant further represented in the Agreement that it had made no changes to its tax practices, when, according to the complaint, it had, thereby preventing plaintiff from prosecuting a tax appeal. Thus, plaintiff sufficiently pleaded a breach of these sections of the Agreement.
Plaintiffs claim alleging fraudulent inducement is barred by the specific disclaimer in the Agreement (see Danann Realty Corp. v Harris, 5 NY2d 317, 320 [1959]), and by its failure to establish reasonable reliance on the alleged oral representations by the named employees (see HSH Nordbank AG v UBS AG, 95 AD3d 185 [2012]). Plaintiff, while suspecting that the reported insurance expense figure was “too low,” failed to make use of the means of verification that were available to it, such as examining any further documentation, reviewing the books of MCI, or traveling to MCI’s offices to inspect its financials (see UST Private Equity Invs. Fund v Salomon Smith Barney, 288 AD2d 87, 88 [2001]; Rodas v Manitaras, 159 AD2d 341, 343 [1990]).
*635 Plaintiffs request for punitive damages is stricken, since this was a private transaction, and plaintiff has not alleged any harm to the public nor has there been a showing of a high degree of moral turpitude (see Steinhardt Group v Citicorp, 272 AD2d 255, 257 [2000]). Concur — Gonzalez, P.J., Tom, Andrias, Acosta and Freedman, JJ.