■ CIFG Assurance North America, Inc., Appellant-Respondent, v Goldman, Sachs & Co. et al., Respondents-Appellants, and M&T Bank, Respondent. [966 NYS2d 369]—

Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered May 3, 2012, which, granted defendant M&T Bank's motion to dismiss the complaint against it, granted defendant Goldman entities' motion to dismiss the complaint to the extent of dismissing the fraudulent inducement and accounting causes of action against them and denied it with respect to the breach of contract causes of action, unanimously modified, on the law, to deny all defendants' motions with respect to the cause of action for fraudulent inducement, and otherwise affirmed, without costs. Judgment, same court and Justice, entered May 31, 2012, dismissing the complaint against M&T Bank, unanimously reversed, on the law, without costs, and the judgment vacated.

In this action by plaintiff arising from its financial guaranty of a residential mortgage-backed securities investment, the cause of action for fraudulent inducement should not have been dismissed. Plaintiff conducted its own due diligence, utilizing an outside consultant to analyze the characteristics of the underly-

ing loans (*cf. Barneli & Cie SA v Dutch Book Fund SPC, Ltd*, 95 AD3d 736 [1st Dept 2012]). The characteristics analyzed by plaintiff's consultant were the subject of written warranties that were not demonstrably known by plaintiff to be false when made (*see DDJ Mgt., LLC v Rhone Group L.L.C.*, 15 NY3d 147, 154 [2010]). Under the circumstances, there is a question of fact as to whether plaintiff reasonably relied on defendants' representations. It was not required, as a matter of law, to audit or sample the underlying loan files (*cf. United Guar. Mtge. Indem. Co. v Countrywide Fin. Corp.*, 660 F Supp 2d 1163, 1189-1190 [CD Cal 2009]).

The motion court correctly determined that plaintiff lacked standing to sue for breach of the master mortgage loan purchasing and servicing agreement (sale agreement), as to which it was neither a party nor an express third-party beneficiary. Although the assignment, assumption and recognition agreement (AAR), of which plaintiff was an express third-party beneficiary, incorporated the warranties and representations of the sale agreement, this does not give plaintiff the right to enforce the sale agreement, which was executed before plaintiff's involvement in the transaction and makes no reference to the AAR (*see Applehead Pictures LLC v Perelman*, 80 AD3d 181, 189 [1st Dept 2010]). The motion court properly dismissed the cause of action against M&T Bank for breach of the AAR based on the unambiguous limitation of remedies provision in section 8 (b) of the agreement, which provides that the cure and repurchase remedy for breach must be obtained from Goldman. Plaintiff's reliance on *Rubinstein v Rubinstein* (23 NY2d 293, 297-298 [1968]), holding that a liquidated damages provision does not bar specific performance, is misplaced in light of the specific sole remedy language of the AAR (*see L.K. Sta. Group, LLC v Quantek Media, LLC*, 62 AD3d 487, 492-493 [1st Dept 2009]).

The breach of contract causes of action against Goldman were properly upheld. Notice of breach was sufficiently alleged. The indemnification claim, which seeks indemnity against liability and not only loss, is not premature (*see Maryland Cas. Co. v Straubinger*, 19 AD2d 26, 28-29 [4th Dept 1963]; *Blair v County of Albany*, 127 AD2d 950, 951 [3d Dept 1987]).

Plaintiff's accounting claim against Goldman was properly dismissed for lack of a predicate fiduciary relationship (*see Bradkin v Leverton*, 26 NY2d 192, 199 n 4 [1970]; *Sirico v F.G.G. Prods., Inc.*, 71 AD3d 429, 434-435 [1st Dept 2010]).

We have considered the parties' remaining contentions and find them unavailing. Concur—Tom, J.P., Andrias, Acosta, Manzanet-Daniels and Román, JJ.