*734 Order, Supreme Court, New York County (Paul Wooten, J.), entered May 16, 2012, which, insofar as appealed from as limited by the briefs, granted, pursuant to CPLR 3211 (c), summary judgment dismissing the first and seventh causes of action for breach of contract against defendants-respondents Jeshayau Boymelgreen also known as Shaya Boymelgreen, Pinchas Cohen, Richard Marin, Tamir Kazaz, 20 Pine Street Managers, LLC, and AI Properties and Developments (USA) Corp., Africa Israel Investments International 1997 Limited, and Africa Israel Investments Limited (Sponsor’s Principals), the fifth, sixth, thirteenth and seventeenth causes of action against defendant-respondent 20 Pine Street LLC (Sponsor) and Sponsor’s Principals, and the nineteenth cause of action against defendants-respondents Richard Marin, Jim Pershing, Ari Schwebel, Andy Ashwal, Gennyene Brugger, Damien Stein, Andrew Faulds, Gabe Rubin, Rena Batash, Getzy Felig, Paz Kaspi, Lori Levine, Gal Back, Lirón Hen-Brenner, Jack Jemal, Joseph Damanti and Adam Bienelpe (board members), unanimously modified, on the law, to delete the provision converting defendants’ CPLR 3211 (a) motions to dismiss into CPLR 3211 (c) motions for summary judgment, and to substitute for the provision granting summary judgment a provision granting the motions pursuant to CPLR 3211 (a), and otherwise affirmed, without costs.
The trial court’s interim order, which notified the parties that the court “may treat all pending motions to dismiss as motions for summary judgment conversion pending consideration of support or opposition by the parties” and invited the parties to submit papers “in support or opposition,” did not provide adequate notice to the parties of the court’s intention to convert the motions pursuant to CPLR 3211 (c). Given this, as well as the fact that none of the exceptions to the notice requirement were applicable (see Wiesen v New York Univ., 304 AD2d 459, 460 [1st Dept 2003]), the court erred in converting the motions into summary judgment motions. Nonetheless, applying the standards governing a motion to dismiss pursuant to CPLR 3211, dismissal of the challenged claims was appropriate.
The court properly dismissed the sixth cause of action alleging that Sponsor breached a statutory or common-law implied housing merchant warranty. In Fumarelli v Marsam Dev. (92 NY2d 298 [1998]), the Court of Appeals held that the codification of General Business Law article 36-B, pursuant to which a builder-vendor may exclude or modify all express warranties provided that the purchase agreement contains a limited warranty in accordance with the provisions of General Business *735 Law § 777-b, has superseded the common-law implied housing merchant warranty previously recognized in Caceci v Di Canio Constr. Corp. (72 NY2d 52 [1988]). The statutory housing merchant warranty scheme codified under article 36-B applies only to buildings less than five stories, and not to the condominium at issue here, and we find that the ruling in Fumarelli abrogates whatever common-law implied housing merchant warranty, if any, that may have existed with respect to buildings taller than five stories prior to the statutory codification.
The court also properly dismissed the fifth cause of action for damages in connection with Sponsor’s alleged breach of express warranties to correct construction defects, as the offering plan here included a valid and specific limited warranty in accordance with the provisions of General Business Law § 777-b, which, as provided in General Business Law article 36-B, entitled Sponsor to exclude or modify all express warranties, including the preclusion of any claim for damages based on their breach.
The court properly dismissed the fraud claims here (causes of action 13 and 17) because plaintiffs failed to allege tortious conduct separate and distinct from their breach of contract claim (see 767 Third Ave. LLC v Greble & Finger, LLP, 8 AD3d 75, 76 [1st Dept 2004]; Modell’s N.Y. v Noodle Kidoodle, 242 AD2d 248, 249 [1st Dept 1997]; see also Board of Mgrs. of Riverview at Coll. Point Condominium III v Schorr Bros. Dev. Corp., 182 AD2d 664 [2d Dept 1992]). The negligent misrepresentation claim was also properly dismissed given the absence of allegations sufficient to plead a special relationship of trust or confidence.
The claims against Sponsor’s Principals were properly dismissed. Other than conclusory statements that Sponsor’s Principals dominated and controlled Sponsor and each other, plaintiffs failed to allege particularized facts to warrant piercing the corporate veil so as to allow the claims against the principals to continue (see Barneli & Cie SA v Dutch Book Fund SPC, Ltd, 95 AD3d 736, 737 [1st Dept 2012]; Andejo Corp. v South St. Seaport Ltd. Partnership, 40 AD3d 407 [1st Dept 2007]; Albstein v Elany Contr. Corp., 30 AD3d 210 [1st Dept 2006], lv denied 7 NY3d 712 [2006]). In addition, as noted above, the fraud claims were not adequately pled so as to provide a basis to hold the principals liable.
Finally, the breach of fiduciary duty claim against the individual board members was properly dismissed. Contrary to plaintiffs’ contention, the complaint does not allege any individual wrongdoing by the members of the board separate and apart
*736 from their collective actions taken on behalf of the condominium (see Granirer v Bakery, Inc., 54 AD3d 269, 272 [1st Dept 2008]). Concur — Friedman, J.E, Freedman, Richter, Feinman and Gische, JJ. [Prior Case History: 2012 NY Slip Op 31302(U).]