Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered on or about October 9, 2012, which, to the extent appealed from as limited by the briefs, granted plaintiff and third-party defendant’s motion to dismiss defendants’ counterclaims, second, fourth, sixth, seventh and ninth affirmative defenses, and the third-party complaint, unanimously affirmed, with costs.
Plaintiff seeks to collect the outstanding balance of a loan made to defendants to finance their May 2006 purchase of an aircraft. The integrated loan documents associated with the one-time transfer of funds to defendants in May 2006 flatly contradict defendants’ counterclaims and third-party claims of fraud in the inducement, breach of contract, tortious interference with contract, mutual mistake (reformation), and breach of the duty of good faith and fair dealing (see CPLR 3211 [a] [1]; Zanett Lombardier, Ltd. v Maslow, 29 AD3d 495 [1st Dept 2006]). Defendants allege that plaintiff, or third-party defendant GE Capital Corporation, plaintiffs parent corporation, either surreptitiously or by mistake, inserted into the May 2006 loan documents a “Prepayment Premium” and a “Make Whole Amount” provision that were not part of the original loan proposal they “accepted.” These provisions were included in the re-documentation of the loan in December 2006, which reflected defendant James Loomis’s assumption of loan obligations and plaintiffs replacement of GE as the secured party on the loan. Defendants argue that the re-documenting of the loan in December 2006 provided for new, superseding loan terms that obviated their guarantees of the original loan made by GE to defendant Insurance Services Corporation’s predecessor in interest in May 2006, and the guarantees were not extended to plaintiff under the re-documented loan. However, the combined documents on this loan transaction were, by their terms, integrated; the original obligations were incorporated by refer *506 ence into the re-documented loan, and they did not alter the terms of the guarantees made by defendants or the terms of the consent and transfer agreement signed by each of the guarantors. Further, the original loan documents expressly provided that defendants’ obligations on the loan, as obligors and/or guarantors, extended not only to GE, but to GE’s subsidiaries and/or assigns. Plaintiff is a wholly owned subsidiary of GE, as plaintiff alleges in the verified amended complaint. This fact is a matter of public record; thus, contrary to defendants’ contention, no discovery is required to substantiate plaintiff’s corporate relationship to GE. Pre-discovery dismissal of defendants’ counterclaims and third-party claims is not premature, since the loan proposal terms relied upon by defendants were expressly stated to constitute nothing more than a proposal, GE and plaintiff reserved their right to require additional documentation if warranted, and the final re-documented terms (i.e., the Prepayment Premium and Make Whole Amount provisions) are not unlike the terms included in the original note. Moreover, not unlike the original loan documents, the re-documented loan included a merger clause, whereby the parties acknowledged that the final loan terms overrode any prior negotiations and/or promises with regard to the financing of the purchase of the aircraft. In this arm’s-length transaction between sophisticated, counseled business entities and a principal — which had had a prior course of dealing — the parties are deemed to have read and understood the terms of the loan documents, which are unambiguous on their face (see generally HSH Nordbank AG v UBS AG, 95 AD3d 185 [1st Dept 2012]; UST Private Equity Invs. Fund v Salomon Smith Barney, 288 AD2d 87 [1st Dept 2001]; see also Silvers v State of New York, 68 AD3d 668 [1st Dept 2009], lv denied 15 NY3d 705 [2010]; Chemical Bank v Alco Gems Corp., 151 AD2d 366 [1st Dept 1989]).
Defendants failed to support their request for leave to amend their pleadings with a proposed amended pleading, or otherwise identify any proposed new pleadings or defenses (see Dragon Head LLC v Elkman, 102 AD3d 552 [1st Dept 2013]). Concur— Tom, J.E, Mazzarelli, Freedman, Richter and Feinman, JJ.