Knox, LLC v Lakian (2020 NY Slip Op 02255)





Knox, LLC v Lakian


2020 NY Slip Op 02255


Decided on April 9, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 9, 2020

Friedman, J.P., Kapnick, Webber, González, JJ.


651880/12 11374A 11374

[*1] Knox, LLC doing business as Knox, LLC of New York, et al., Plaintiffs-Respondents,
v
John R. Lakian, et al., Defendants-Appellants.


Zalkind Duncan & Bernstein LLP, Boston, MA (Ana Isabel Munoz of the bar of the State of the Commonwealth of Massachusetts and State of New Jersey admitted pro hac vice of counsel), for appellants.
Delbello Donnellan Weingarten Wise & Wiederkehr, LLP, White Plains (Scott M. Salant of counsel), for respondent.



Judgment, Supreme Court, New York County (Eileen Bransten, J.), entered March 21, 2019, in favor of plaintiffs, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered September 7, 2018, to the extent it granted plaintiffs' motion for summary judgment on the fraudulent inducement claim, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiffs seek to recover the investments they made in nonparty Capital L Group, LLC, which were diverted to personal bank accounts held by Capital L's chief executive officer, defendant Lakian. Plaintiffs claim that they were fraudulently induced into investing (see generally Ambac Assur. Corp. v Countrywide Home Loans, Inc., 31 NY3d 569, 578-579 [2018]).
Defendants contend that an issue of fact exists as to whether plaintiffs' reliance on the statements made to them by Lakian was justified.
Defendants argue that nonparty Donald J. Whelley, the sole manager and member of plaintiff DJW Advisors, LLC's expressed concerns about Capital L's accounting systems and back-office operations, but ignored these "red flags," and that therefore plaintiffs bear the responsibility for that risk (see Global Mins. & Metals Corp. v Holme, 35 AD3d 93, 100 [1st Dept 2006], lv denied 8 NY3d 804 [2007]). However, Whelley's concerns were unrelated to the eventual fraudulent diversion of the funds. Defendants failed to demonstrate that Whelley "ha[d] hints of [Lakian's misrepresentations'] falsity" and therefore had a duty to probe further (id.).
Defendants contend that Whelley should have inspected a full set of financial documents, but they failed to show that if he had done so he would have been alerted to the potential fraudulent diversion of funds (see UST Private Equity Invs. Fund v Salomon Smith Barney, 288 AD2d 87, 88 [1st Dept 2001]). Their references to the "tangled accounts" and "problematic transactions" that Whelley would have seen had he reviewed unspecified documents are too vague to raise an issue of fact.
The record does not support defendants' contention that Whelley's expressed concerns were in fact concerns about where Capital L's money was going. Moreover, Whelley was certain that Capital L's record keeping and back-office problems had been solved by its acquisition of Capital Guardian Holding LLC; if Whelley had been concerned about a potential fraudulent diversion of funds, his concern would not have been alleviated by the acquisition of a new company.
Defendants contend that Whelley should have insisted on language in the subscription agreement to ensure that the investment would be used solely to acquire registered investment advisors. However, the fraudulent inducement claim is based not on defendants' use of [*2]plaintiffs' funds for general business operations instead of the acquisition of registered investment advisors but on the diversion of their funds for personal purposes. Defendants' argument that Whelley should have mistrusted them because they told him to wire investment funds to defendant JRL Investment Group, Inc. contradicts the argument they advanced before the motion court, i.e., that JRL was an innocuous, temporary repository for plaintiffs' funds before transfer to Capital L's accounts.
Defendants point out that plaintiffs' own expert readily detected the fraud. However, the expert was reviewing records incorporating and post-dating the investments at issue.
Contrary to defendants' contention, the court awarded plaintiffs damages only in the amount of their actual losses (see Lama Holding Co. v Smith Barney, 88 NY2d 413, 421 [1996]). Even if certain of plaintiffs' funds were used for operating expenses, defendants failed to show that plaintiffs derived value as a result. Nor did defendants show that plaintiffs derived value from their ownership interest in Capital L.
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 9, 2020
CLERK