P & HR Solutions, LLC v Ram Capital Funding, LLC (2021 NY Slip Op 03554)





P & HR Solutions, LLC v Ram Capital Funding, LLC


2021 NY Slip Op 03554


Decided on June 08, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 08, 2021

Before: Renwick, J.P., Kern, Scarpulla, Mendez, JJ. 


Index No. 650238/19 Appeal No. 14014 Case No. 2019-04343 

[*1]P & HR Solutions, LLC, et al., Plaintiffs-Respondents,
v
Ram Capital Funding, LLC, et al., Defendants, Jonathan Braun, Defendant-Appellant.


Law Offices of Jeffrey Fleischmann P.C., New York (Jeffrey Fleischmann of counsel), for appellant.
Colonna Cohen Law, Brooklyn (Ashlee Colonna Cohen of counsel), for respondents.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered October 24, 2019, which, insofar as appealed from as limited by the briefs, denied the motion of defendant Jonathan Braun to dismiss the claims as against him, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the action as against Braun.
In this action plaintiffs seek, among other things, to hold defendant Braun personally liable for the alleged corporate liabilities of defendants Ram Capital Funding, LLC and Richmond Capital Group, LLC, stemming from their purported breach of two merchant funding agreements with plaintiffs. As relevant to this appeal, plaintiffs allege both fraud and breach of contract claims against Braun, a member of the corporate defendants.
The motion court properly dismissed the contract claims against defendant Braun. The contracts at issue are between plaintiff P & HR Solutions, LLC, and defendant Ram Capital Funding, LLC. Therefore, unless Ram's veil is pierced to reach Braun, Braun cannot be individually liable for breach of those contracts (see Skanska USA Bldg. Inc. v Atlantic Yards B2 Owner, LLC, 146 AD3d 1, 12-13 [1st Dept 2016], affd 31 NY3d 1002 [2018]; Andejo Corp. v South St. Seaport Ltd. Partnership, 40 AD3d 407 [1st Dept 2007]; Sheridan Broadcasting Corp. v Small, 19 AD3d 331, 332 [1st Dept 2005]).
Plaintiffs' alter ego allegations as to Braun are insufficient. As in Skanska, plaintiffs "set[] forth conclusory allegations merely reciting typical veil-piercing factors" (146 AD3d at 12). Plaintiffs may have alleged that Ram and defendant RichmondCapital Group, LLC (RCG) are alter egos; however, that is different from alleging that Ram and Braun are alter egos.
Most of the fraud allegations against Braun are duplicative of the contract claim (see e.g. Krantz v Chateau Stores of Canada, 256 AD2d 186, 187 [1st Dept 1998]). The only fraud allegation not duplicative is that based on the concealment or misrepresentation of Braun's affiliation with Ram. However, this fraud allegation fails to state a cause of action. For one thing, the complaint itself alleges that plaintiff Debra Fergerson (P & HR's principal) confirmed Braun's ownership of Ram through publicly available documents and by speaking with people in the merchant cash advance industry; thus, the element of justifiable or reasonable reliance is lacking (see e.g. Zanett Lombardier, Ltd. v Maslow, 29 AD3d 495, 496 [1st Dept 2006]; UST Private Equity Invs. Fund v Salomon Smith Barney, 288 AD2d 87, 88 [1st Dept 2001]). Plaintiffs also failed to show how Brezel's misrepresentation about Braun's involvement with Ram was "the direct and proximate cause of the claimed losses" (Friedman v Anderson, 23 AD3d 163, 167 [1st Dept 2005]; see also Coppola v Applied Elec. Corp., 288 AD2d 41, 42 [1st Dept 2001]). Plaintiffs may have alleged transaction causation, but they did not allege loss causation (see Laub v Faessel, [*2]297 AD2d 28, 31 [1st Dept 2002]). Even if Braun had not been involved with Ram, plaintiffs would still have suffered loss due to the onerous terms of the contracts they signed.
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 8, 2021