138 Bruckner Owner LLC v Anjost Corp. (2021 NY Slip Op 05768)





138 Bruckner Owner LLC v Anjost Corp.


2021 NY Slip Op 05768


Decided on October 21, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 21, 2021

Before: Acosta, P.J., Manzanet-Daniels, Kern, Oing, Kennedy, JJ. 


Index No. 26457/20E Appeal No. 14421 Case No. 2021-01645 

[*1]138 Bruckner Owner LLC, Plaintiff-Appellant,
v
Anjost Corp., et al., Defendants-Respondents, Fidelity National Title Company, Defendant.
Anjost Corp., et al., Third-Party Plaintiffs-Respondents,
v
138 Bruckner Owner LLC, et al., Third-Party-Defendants-Appellants,


Hamburger, Maxson, Yaffe & Martingale, LLP, Melville (Richard Hamburger of counsel), for appellants.
Sills Cummis & Gross P.C., New York (Lori K. Sapir of counsel), for respondents.



Order, Supreme Court, Bronx County (Eddie J. McShan, J.) entered April 13, 2021, which, insofar as appealed from as limited by the briefs, denied plaintiff's motion to dismiss so much of the counterclaim as sought damages in excess of $2 million and denied third-party defendants' motion to dismiss the third-party complaint, unanimously reversed, on the law, without costs, and the motions granted. The Clerk is directed to enter judgment dismissing the counterclaim and third-party complaint.
Interpreting the contract in light of the plain meaning of words and phrases used, the term "deposit" is reasonably susceptible of only one meaning (Greenfield v Philles Records, 98 NY2d 562, 570 [2002]; see Bluebird Partners, L.P. v First Fid. Bank, N.A., New Jersey, 248 AD2d 219, 224 [1st Dept 1998]). The liquidated damages provision, which provides that defendants are entitled "to retain the [d]eposit as liquidated damages" in the event of plaintiff's default, unambiguously refers to the deposit already made and held in escrow, as a party cannot "retain" something not already acquired (see V.C. Vitanza Sons, Inc. v New York City Hous. Auth., 7 AD3d 398, 398 [1st Dept 2004]).
As to the third-party complaint against plaintiff's members in their individual capacities, the pleadings fail to allege facts sufficient to demonstrate the inequity, fraud, or malfeasance necessary to sustain a claim to pierce the corporate veil (see Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 47-48 [2018]; Array BioPharma, Inc. v AstraZeneca AB, 184 AD3d 463, 464 [1st Dept 2020]). The third-party complaint also fails to plead any facts to substantiate the conclusory allegations of a scheme to undercapitalize plaintiff (see Albstein v Elany Contracting Corp., 30 AD3d 210, 210 [1st Dept 2006], lv denied 7 NY3d 712 [2006]). In any event, to the extent the third-party complaint alleges that plaintiff is undercapitalized and might not be able to pay a judgment, third-party plaintiffs could not be damaged by such a scheme even if it existed, as the remedy under the contract is to retain the deposit already held in escrow.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 21, 2021