Burden v Pamplona Capital Mgt. LLP (2025 NY Slip Op 02716)

Burden v Pamplona Capital Mgt. LLP

2025 NY Slip Op 02716

Decided on May 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 06, 2025

Before: Webber, J.P., Scarpulla, Mendez, Rodriguez, Pitt-Burke, JJ. 

Index No. 651749/23|Appeal No. 4286|Case No. 2024-00058|

[*1]Carter Burden III et al., Plaintiffs-Appellants,
v
Pamplona Capital Management LLP et al., Defendants-Respondents.

Boies Schiller Flexner LLP, New York (Benjamin Margulis of counsel), for appellants.
Allen Overy Shearman Sterling US LLP, New York (Justin L. Ormand of counsel), for Pamplona Capital Management LLP, Pamplona Capital Management LLC, Pamplona TMT I, L.P., Deanwood TMT I, L.P., and Justin Perreault, respondents.
Sidley Austin LLP, Chicago, IL (Daniel D. Rubenstein of the bar of the State of Illinois, admitted pro hac vice of counsel), for Darren Battistoni, respondent.

Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered on or about November 13, 2023, which granted defendants' motions to dismiss the amended complaint, unanimously affirmed, with costs.
In November 2016, plaintiffs entered into agreements with defendant entities whereby the entities acquired a majority stake in Logicworks, an internet services provider company created and founded by plaintiff Carter Burden III. The individual defendants are current and former partners in one of the defendant entities.
As Supreme Court found, plaintiffs failed to sufficiently allege that they were fraudulently induced to enter into the 2016 sale transaction (see generally William Doyle Galleries, Inc. v Stettner, 167 AD3d 501, 503 [1st Dept 2018]; see also CPLR 3016[b]). The basis for the fraud claims is that defendants made material omissions, and, as plaintiffs argue on appeal, affirmative misrepresentations, regarding the fact that defendant entities were merely a "front for powerful Russian oligarchs."
Plaintiffs failed to allege loss causation or any cognizable theory of damages with respect to their fraudulent inducement claims. It is uncontested that plaintiffs received a substantial profit from the transactions. However, their allegation concerning damages is that they should have made more money. New York measures damages as "the actual pecuniary loss sustained as a direct result of the wrong," not the greater profit that could have been made but for alleged fraud (Lama Holding Co. v Smith Barney, 88 NY2d 413, 420-421 [1996] [internal quotation marks omitted]). Plaintiffs' argument that Logicworks' value was immediately harmed upon defendants' acquisition because the Russian oligarchs' near-complete ownership and full control of defendants subjected Logicworks to various risks is also belied by their allegations that Logicworks "continued to thrive" for years after the 2016 sale.
The court also properly found that plaintiffs failed to sufficiently allege any of the other elements of fraud with respect to the 2016 sale. Even assuming that defendants were at liberty to disclose the identity of their investors as part of the due diligence process, plaintiffs failed to allege that this information was material to them in evaluating the transaction (see e.g. Chase Manhattan Bank v Motorola, Inc., 184 F Supp 2d 384, 394 [SD NY 2002]). Plaintiffs received multiple bids for Logicworks in 2016, and, as they admit, sold to the highest bidder. Plaintiffs also admit that, at the time of the sale, they had information showing that defendants were significantly funded by Russian oligarchs. Further, plaintiffs allege in the amended complaint that they continued to make further investments into Logicworks evenafter they learned about the extent of the Russian investments, and after sanctions were imposed on those investors following Russia's invasion of Ukraine. Thus, drawing all inferences in plaintiffs' favor and accepting all allegations [*2]as true, a fair reading of plaintiffs' own allegations show that the source of defendants' funding was not of material concern, so long as they continued to receive the greatest return on their investment.
Plaintiffs also failed to plead justifiable reliance on defendants' alleged omissions (or affirmative misstatements). Plaintiffs failed adequately to allege that they had conducted due diligence on defendant entities' investors, despite being on inquiry notice of Russian oligarchs in the entities' investor chain (see e.g. UST Private Equity Invs. Fund v Salomon Smith Barney, 288 AD2d 87, 88 [1st Dept 2001]). Plaintiffs concede that they were aware of the Russian investments in defendants, yet the amended complaint contains no allegations that plaintiffs sought further information about the extent of that investment during the months of due diligence leading up to the 2016 transaction, in which plaintiffs were assisted by counsel and a sophisticated investment bank.
The court also properly dismissed the fraudulent inducement claims relating to plaintiffs' continued investment of approximately $7.6 million in Logicworks between 2019 and 2021. Most fundamentally, plaintiffs have failed to allege cognizable damages with respect to their purchase of the series preferred stock, as they do not allege that their stock investments in Logicworks between 2019 and 2022 were unprofitable. Rather, the amended complaint highlights the attractive terms of the series preferred stock, which provided an annual yield of roughly 15%, and contains no allegations that plaintiffs did not receive at least the bargained-for return on those investments. The fact that plaintiffs profited from the series preferred stock they purchased precludes them from recovery (see Lama Holding Co., 88 NY2d at 421).
Plaintiffs' cause of action for aiding and abetting fraud fails, because "[a]bsent an underlying fraud, there is no aiding and abetting fraud claim" (El Toro Group, LLC v Bareburger Group, LLC, 190 AD3d 536, 542 [1st Dept 2021]).
We have considered plaintiffs' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 6, 2025