■ GEORGE HANDEL et al., Respondents, v RONALD BRUDER, Appellant, et al., Defendants. [618 NYS2d 356] —Order, Supreme Court, New York County (Myriam J. Altman, J.), entered September 27, 1993, which, *inter alia,* denied that portion of defendant Bruder's motion to dismiss the second cause of action for fraud and misrepresentation, unanimously reversed, insofar as appealed, on the law, the motion granted, and the second cause of action dismissed, with costs.

Plaintiff's complaint was insufficient to set forth a prima facie fraud claim because it failed to set forth specific and

detailed factual allegations that the defendant personally participated in, or had knowledge of any alleged fraud (CPLR 3016 [b]; *see, Residential Bd. of Mgrs. v Union Sq.-14th St. Assocs.,* 190 AD2d 636, 637-638). The defendant cannot be held personally liable for statements in the offering memo about the status of construction, the likelihood of success of the project and the business plan of the partnership absent personal knowledge that such statements were untrue when made *(see, Derwald v L.J.N. Toys,* 161 AD2d 223), and his predictions are not actionable absent evidence that they were made with the intent to deceive *(Sanyo Elec. v Pinros & Gar Corp.,* 174 AD2d 452, 453). Concur—Murphy, P. J., Sullivan, Rosenberger, Nardelli and Tom, JJ.