■ FUSHA JAPANESE RESTAURANT, INC., Respondent, v FUSHA, Also Known as FUSHA JAPANESE CUISINE, et al., Appellants. [793 NYS2d 43]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered August 20, 2004, which granted plaintiff restaurant's motion for injunctive relief to the extent of preliminarily enjoining defendants from using the name "Fusha" as part of their restaurant's name, or a simulation of plaintiff's registered logo on their menus, signs or elsewhere, unanimously affirmed, with costs.

In support of the motion, plaintiff showed that it had been incorporated under the name "Fusha Japanese Restaurant, Inc." for more than a year before the individual defendants, all prior employees of plaintiff, began doing business under the assumed name of "Fusha Japanese Cuisine," and that defendants are using virtual copies of plaintiff's menu and registered logo. Given this showing, it was incumbent on defendants, in order to avoid a preliminary injunction under General Business Law § 133, to show that they began using the subject name and logo before plaintiff did, or that the term "Fusha," which means "windmill" in Japanese, is a readily recognized common business name in the New York metropolitan area. This defendants failed to do. They offered no evidence as to when plaintiff began using the subject name and logo, and they showed that only three other businesses, none restaurants, were registered with the Secretary of State under a name that uses the term "Fusha" (cf. *Allied Maintenance Corp. v Allied Mech. Trades*, 42 NY2d 538, 545 [1977]). It does not avail defendants that plaintiff offered no evidence that actual customers have confused defendants' Staten Island restaurant with plaintiff's Manhattan restaurant (see *Frank's Rest. v Lauramar Enters.*, 273 AD2d 349, 350 [2000]). Concur—Tom, J.P., Andrias, Marlow, Ellerin and Sweeny, JJ.