■ J.A.O. ACQUISITION CORP. et al., Respondents, v JEFFREY D. STAVITSKY, et al., Defendants, and W. PAUL BROGOWSKI, Appellant. (And a Third-Party Action.) [795 NYS2d 569]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered October 8, 2004, which denied defendant W. Paul Brogowski's motion for partial summary judgment dismissing the eighteenth cause of action in plaintiffs' second amended complaint, unanimously reversed, with costs, partial summary judgment granted, and the eighteenth cause of action dismissed.

Plaintiffs J.A.O. Acquisition Corp., J.A.O. Holding Company, Inc. (collectively referred to as JAO) and D.B. Brown, Inc., in their eighteenth cause of action contained in JAO's second amended complaint, contend that defendant W. Paul Brogowski (Brogowski) told JAO prior to the sale of D.B. Brown to JAO that certain foreign receivables were backed by letters of credit. Furthermore, JAO alleges that Brogowski inflated the value of D.B. Brown to induce JAO to purchase D.B. Brown.

It is uncontroverted that, but for JAO's opposition to Brogowski's underlying motion for summary judgment, there is no evidence of record that Brogowski made any statements whatsoever to principals of JAO regarding the letters of credit. In response to the summary judgment motion, JAO's principal witness Kevin Kelly affirmed that Brogowski "and his partner withheld critical information about foreign sales. Brogowski failed to inform me that said sales were not supported by a letter of credit, as required by CoreStates. In fact, Brogowski and [defendant] Stavitsky lied to the Bank about the existence of letters of credit." Nowhere in the affidavit does Kelly state that he had any conversations with Brogowski concerning the letters of credit. Similarly, nowhere in Kelly's deposition does he describe any conversations with Brogowski about the letters of credit.

The elements of fraudulent misrepresentation are: (1) the defendant made a material false representation, (2) the defendant intended to defraud the plaintiffs thereby, (3) the plaintiffs reasonably relied upon the representation, and (4) the plaintiffs suffered damage as a result of their reliance (*Swersky v Dreyer & Traub*, 219 AD2d 321, 326 [1996]). Brogowski's motion for summary judgment sufficiently demonstrated the absence of these elements, and in response, JAO failed to meet its burden of demonstrating the existence of a factual issue requiring a trial of the action (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Kelly's affidavit is plainly insufficient in that it contains only vague assertions, and nowhere states that Brogowski told him that the foreign collectibles were supported by letters of credit or were otherwise includable in the Chase

availability statement. A fraud claim must set forth "the circumstances constituting the wrong . . . in detail" (CPLR 3016 [b]; *Megaris Furs v Gimbel Bros.*, 172 AD2d 209, 210 [1991]; *Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966, 967 [1988] [bald assertions, without evidence to support them, are insufficient to oppose a motion for summary judgment]; *Handel v Bruder*, 209 AD2d 282 [1994] [plaintiff's complaint was insufficient to set forth a prima facie fraud claim because it failed to set forth specific and detailed factual allegations that the defendant personally participated in, or had knowledge of, any alleged fraud]).

As JAO is unable to demonstrate that Brogowski made a misrepresentation, it cannot demonstrate the second element, namely that Brogowski made that misrepresentation with the intent to defraud JAO.

The third element, reasonable reliance upon the misrepresentation, is similarly lacking in the instant case. Kelly testified that he was aware prior to the closing that there were no letters of credit, and that he had so advised Chase. He also testified that he was aware that the foreign receivables were not properly includable in the Chase availability calculation, but that he included them nonetheless. While this Court has recently held that the issue of reasonable reliance is not subject to summary disposition (*Brunetti v Musallam,* 11 AD3d 280 [2004]), these facts present the rare circumstance in which it should be (*see Shea v Hambros PLC,* 244 AD2d 39, 46 [1st Dept 1998] [reversal of denial of summary judgment on fraudulent inducement claim, finding that there could have been no reliance where plaintiff, a sophisticated businessman, engaged in acrimonious negotiations and could not have been lulled by faith or trust in the parties across the bargaining table into entering into the resulting agreements]). Concur—Mazzarelli, J.P., Marlow, Nardelli and Catterson, JJ.