■ J.A.O. Acquisition Corp. et al., Appellants, v Jeffrey D. Stavitsky et al., Defendants, and First Union National Bank, Formerly Known as CoreStates Bank, N.A., Respondent. (And a Third-Party Action.) [803 NYS2d 527]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered October 6, 2004, which, in an action arising out of plaintiff's purchase of stock, granted defendant bank's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, with costs.

Plaintiff's claim of negligent misrepresentation was properly dismissed for lack of evidence demonstrating "the necessary link" sufficient to evince defendant's understanding that plaintiff was relying on defendant's payoff letter to determine whether to proceed with the transaction (*see Prudential Ins. Co. of Am. v Dewey, Ballantine, Bushby, Palmer & Wood*, 80 NY2d 377, 383-384 [1992]). Even assuming the necessary link, no issues of fact exist as to whether plaintiff relied on the information contained in the payoff letter. As this Court noted in its prior decision in this matter (18 AD3d 389, 391 [2005]), although plaintiff was aware that certain foreign receivables were not backed by letters of credit and therefore not properly includable in its lender's availability calculation, it included them anyway, causing the transaction to proceed in violation of its lender's excess availability requirement. Here, similarly, plaintiff was or should have been aware that for some time prior to the closing the subject company had been experiencing a negative cash flow, and thus should not have been surprised that the excess availability requirement could not be met on the date of the closing. Plaintiffs' argument that they would not have entered into the transaction had they been aware of the outstanding checks that were not included in the payoff amount, and therefore known that excess availability requirement was not met, is belied by the record. Plaintiffs' failure to establish reasonable reliance also serves to defeat their fraud claims. Concur—Mazzarelli, J.P., Friedman, Marlow and Nardelli, JJ.