■ Zapin, Endlich & Lombardo, Inc., Appellant, v CBS Coverage Group, Inc., et al., Respondents. [809 NYS2d 64]—

Order, Supreme Court, New York County (Helen E. Freedman, J.), entered June 13, 2005, which denied plaintiff's motion

for partial summary judgment and granted the cross motion of defendants Emek and Metro Partners for summary judgment dismissing the fourth cause of action, unanimously affirmed, with costs.

The IAS court properly denied plaintiff's motion for summary judgment on the breach of contract counterclaims asserted by Emek and Metro. Plaintiff's defense to those claims was that Metro itself breached the contract by abandoning it and ceasing all performance in or about October 2000. In an affidavit made on personal knowledge and supported by documentary evidence, Emek, Metro's president, raises a triable issue of fact on the counterclaims by stating that Metro continued to perform under the contract even after plaintiff allegedly wrongfully terminated it in December 2000.

The cross motion for summary judgment dismissing plaintiff's claim against Emek for tortious interference was properly granted. Plaintiff claimed that Emek tortiously interfered with the contract between plaintiff and Metro. But plaintiff never pleaded, nor set forth in its cursory affidavit, facts sufficient to meet the heightened standard of showing that Emek, individually, had acted outside her corporate capacity, maliciously and for personal profit at plaintiff's expense (*see Joan Hansen & Co. v Everlast World's Boxing Headquarters Corp.*, 296 AD2d 103, 109-110 [2002]). Concur—Buckley, P.J., Sullivan, Williams, Gonzalez and Catterson, JJ.