■ JUAN RAMOS, Respondent, v JAIME RAMIREZ, ESQ., et al., Defendants, and ALEXANDER MINELLA, ESQ., et al., Appellants. [818 NYS2d 916]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered March 23, 2005, which, insofar as appealed from, denied the motion of defendants Alexander Minella, Esq. and Alexander Minella, P.C., to dismiss plaintiff's fraud cause of action against them, unanimously reversed, on the law, without costs, the motion granted and the cause of action dismissed.

Notwithstanding the lenient standard for reviewing the suffi-

ciency of a complaint pursuant to CPLR 3211 (see *Leon v Martinez*, 84 NY2d 83 [1994]), plaintiff's fraud cause of action against defendant Minella must be dismissed. A fraud claim must be pleaded with particularity (CPLR 3016 [b]; *New York City Health & Hosps. Corp. v St. Barnabas Community Health Plan*, 22 AD3d 391 [2005]; *Brown v Wolf Group Integrated Communications, Ltd.*, 23 AD3d 239 [2005]). Further, "the circumstances constituting the wrong shall be stated in detail" (CPLR 3016 [b]; *J.A.O. Acquisition Corp. v Stavitsky*, 18 AD3d 389 [2005]).

The fraud cause of action here alleges that defendants, acting together, engaged in a fraudulent real estate transaction and that plaintiff relied upon their representations to his detriment. However, the allegations describing the claimed fraud do not suffice to permit the inference that Minella participated in or had knowledge of it (see *Handel v Bruder*, 209 AD2d 282 [1994]). It is not alleged that Minella made any misrepresentations to plaintiff (see *J.A.O. Acquisition Corp. v Stavitsky, supra* at 390), nor is there any basis to conclude that Minella may be chargeable with other parties' claimed misrepresentations regarding the purported seller's title to the subject property, and that the escrowed money would be held to pay for the subject transaction (see *id.*). Concur—Saxe, J.P., Marlow, Gonzalez and Malone, JJ.