■ MICHAEL APPELL, Individually and on Behalf of L.A.G. ASSOCIATES, L.P., Appellant, v LAG CORP. et al., Respondents. [838 NYS2d 541]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered May 16, 2006, which granted defendants' motion to dismiss the complaint for failure to state a cause of action, and order, same court and Justice, entered January 2, 2007, which, to the extent appealable, denied plaintiff's motion to renew or resettle the prior order and denied him leave to plead a second amended complaint, unanimously modified, on the law, the causes of action for breach of fiduciary duty and aiding and abetting breach of fiduciary duty reinstated, and otherwise affirmed, without costs.

The court erred in dismissing plaintiff's causes of action for breach of fiduciary duty and aiding and abetting such breach. Accepting the truth of plaintiff's allegations, as CPLR 3211 requires on a motion to dismiss (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), they advance a potentially viable claim for breach of fiduciary duty (*see Birnbaum v Birnbaum*, 73 NY2d 461 [1989]; *Salm v Feldstein*, 20 AD3d 469 [2005]). Plaintiff has also sufficiently stated a cause of action for aiding and abetting

a breach of fiduciary duty (*see Kaufman v Cohen*, 307 AD2d 113, 125 [2003]). Contrary to defendants' arguments, they, as partners, had a fiduciary obligation to plaintiff (*see Birnbaum*, 73 NY2d at 466; *Drucker v Mige Assoc. II*, 225 AD2d 427, 428 [1996], *lv denied* 88 NY2d 807 [1996]).

On renewal, plaintiff failed to submit new facts that had not been presented on the prior application when he opposed the motion to dismiss (CPLR 2221 [e] [2]).

The IAS court properly denied leave to replead the sixth cause of action in the amended complaint for tortious interference with contract, inasmuch as these allegations do not meet the heightened standard of demonstrating any of the limited partners acted outside their corporate capacity, maliciously and for their own personal profit at his expense (*Zapin, Endlich & Lombardo, Inc. v CBS Coverage Group, Inc.*, 26 AD3d 231 [2006]). Although plaintiff alleges that the partnership withheld funds to which he was entitled, the funds were placed in a separate account pending the outcome of this and other related litigation. Assuming the truth of the allegations, defendants improperly withheld a greater amount of money from plaintiff. Nevertheless, given that it was segregated and held but not distributed, the allegations are insufficient to establish a cause of action for tortious interference with contract.

We have considered plaintiff's other arguments and find them unavailing. Concur—Sullivan, J.P., Nardelli, Williams, Gonzalez and Catterson, JJ.