■ GLORIA ROSENTHAL, Respondent-Appellant, v QUADRIGA ART, INC., Appellant- Respondent. [963 NYS2d 192]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered December 22, 2011, which, insofar as appealed from as limited by the briefs, granted defendant Quadriga Art, Inc.'s motion for summary judgment dismissing the second cause of action to the extent it sought to recover unpaid commissions for the years 2000, 2001, and 2003; denied Quadriga's motion for summary judgment dismissing the second cause of action to the extent of declining to address Quadriga's defense that the Estate of Alfred J. Rosenthal was entitled to commissions only on orders actually taken by decedent Rosenthal and that the amount of those commissions was not required to be 10%; and denied that branch of the same motion seeking dismissal of the second cause of action as to unpaid commissions for the year 2002, unanimously modified, on the law, to deny defendant's motion for summary judgment with respect to plaintiff's second cause of action completely and otherwise affirmed, without costs.

The motion court properly declined to grant defendant's motion for summary judgment regarding the amount of commissions due to the defendant's estate. The record shows that decedent occasionally was paid commissions on orders that he did not personally write up or service, including some accounts that he brought to defendant but were subsequently converted to "house accounts." Moreover, there are factual and credibility issues regarding whether defendant always paid decedent commissions of 10%, as well as whether defendant "gifted" certain amounts to decedent in various years, including some years for which defendant asserts accord and satisfaction as a defense to the Estate's claims. Resolution of these issues is more appropriate for the finder of fact (*see Martin v Citibank, N.A.*, 64 AD3d 477, 478 [1st Dept 2009]).

Contrary to the motion court's finding, the estate's claim for commissions for the years 2000, 2001, and 2003 is not barred by the principle of accord and satisfaction. Accord and satisfaction

requires the existence of an actual dispute, manifested by a specific demand by the alleged creditor and an express, good-faith disagreement with that demand by the debtor (*see Matter of Leckie*, 54 AD2d 205, 214-215 [4th Dept 1976]). Here, as noted, there are a number of factual disputes as to which accounts would form the basis of decedent's commissions, the amount due on those accounts and whether the final yearly tally contained amounts constituting "gifts." Indeed, the motion court properly found that there was no evidence of an accord and satisfaction for commissions payable during the year 2002 based upon the conflicting claims for that year. Although the checks issued by defendant to decedent for commissions bore the notation "settlement," the doctrine requires a "clear manifestation of intent by the parties that the payment was made, and accepted, in full satisfaction of the claim" (*Nationwide Registry & Sec. v B&R Consultants*, 4 AD3d 298, 300 [1st Dept 2004]; *Manley v Pandick Press*, 72 AD2d 452, 454 [1st Dept 1980], *appeal dismissed* 49 NY2d 981 [1980]). For the purposes of a summary judgment motion, such a finding is precluded by the conflicting factual claims on this record.

We have considered the parties' remaining contentions and find them unavailing. Concur—Andrias, J.P., Sweeny, Moskowitz and Manzanet-Daniels, JJ.