Pinnacle Managing Co., LLC v Slade Indus., Inc. (2023 NY Slip Op 03558)

Pinnacle Managing Co., LLC v Slade Indus., Inc.

2023 NY Slip Op 03558

Decided on June 29, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 29, 2023

Before: Kapnick, J.P., Friedman, Gesmer, González, Higgitt, JJ. 

Index No. 653488/18 Appeal No. 579 Case No. 2023-00356 

[*1]Pinnacle Managing Co., LLC, Plaintiff-Respondent,
v
Slade Industries, Inc., Defendant-Appellant.

The Law Offices of Edward Weissman, New York (Edward Weissman of counsel), for appellant.
Dilworth Paxson, LLP, New York (Ira N. Glauber of counsel), for respondent.

Order, Supreme Court, New York County (Debra A. James, J.), entered on or about December 13, 2022, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendant is not entitled to summary judgment dismissing the complaint under the voluntary payment doctrine because the record presents issues of fact as to whether plaintiff rendered payment without full knowledge of the facts (see Dillon v U-A Columbia Cablevision of Westchester, 100 NY2d 525, 526 [2003]; New York Eye & Ear Infirmary v Bowne, 200 AD3d 467 [1st Dept 2021]). Plaintiff presented evidence showing that it paid defendant before plaintiff obtained information indicating that defendant had breached its contractual obligations, thus raising a triable issue of fact regarding whether plaintiff had full knowledge of the facts (see Dubrow v Herman & Beinin, 171 AD3d 672, 673 [1st Dept 2019]; Rite Aid of N.Y., Inc. v Chalfonte Realty Corp., 105 AD3d 470 [1st Dept 2013]). Similarly, defendant did not establish that plaintiff's claim was barred by the doctrine of accord and satisfaction, because the record lacked unequivocal language expressing its intent that plaintiff paid in satisfaction of an ongoing dispute between the parties when it paid the invoices supplied by defendant in full (see Rosenthal v Quadriga Art, Inc., 105 AD3d 507, 507-508 [1st Dept 2013]). The record does not show any genuine controversy concerning the amount due, and defendant did not produce any records or documents evincing an express agreement between the parties that plaintiff's payment constituted a settlement of any claims (see EchoStar Satellite L.L.C. v ESPN, Inc., 79 AD3d 614, 619 [1st Dept 2010]).
The court correctly concluded that triable issues of fact were raised by the lay witness affidavit and testimony presented by plaintiff, based on the witness's personal knowledge and supported by documentary evidence, which stated that defendant had breached its contractual obligations by failing to perform routine, monthly maintenance on the elevators at issue, causing damage to the elevators that necessitated repairs (see Zapin, Endlich & Lombardo, Inc. v CBS Coverage Group, Inc., 26 AD3d 231, 232 [1st Dept 2006]; see also CPLR 3212[b]). An expert affidavit was not required (see Boye v Rubin & Bailin, LLP, 152 AD3d 1, 8-9 [1st Dept 2017]; Colon v Rent-A-Center, 276
AD2d 58, 61 [1st Dept 2000]).
We perceive no basis for imposing sanctions against defendant (22 NYCRR 130-
1.1[a]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 29, 2023