JAK Advisors, LLC v Bauer (2026 NY Slip Op 00055)

JAK Advisors, LLC v Bauer

2026 NY Slip Op 00055

Decided on January 08, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 08, 2026

Before: Moulton, J.P., González, Mendez, Rodriguez, Pitt-Burke, JJ. 

Index No. 151067/24|Appeal No. 5526-5527|Case No. 2024-07540, 2025-04363|

[*1]JAK Advisors, LLC, Plaintiff, Jason Kesselman, Plaintiff-Appellant,
vJason Bauer et al., Defendants-Respondents, Bauer Holdings LLC, Defendant. 

Wilk Auslander LLP, New York (Scott J. Watnik of counsel), for appellant.
Law Office of Daniel S. Steinberg P.C., New York (Daniel S. Steinberg of counsel), for respondents.

Order and judgment (one paper), Supreme Court, New York County (Gerald Lebovits, J.), entered on or about June 17, 2025, which to the extent appealed from as limited by the briefs, amended a prior order, entered on about November 1, 2024, by striking and replacing the first sentence of that order, and granted defendants' motion to dismiss the amended complaint, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered on or about November 1, 2024, which granted defendants' motion to dismiss the amended complaint, unanimously dismissed, without costs, as subsumed in the appeal from the order and judgment.
Supreme Court properly dismissed plaintiff's claims for breach of contract, breach of fiduciary duty, and unjust enrichment as utterly refuted by documentary evidence (CPLR 3211[a][1]; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]). The communications between the parties demonstrate that plaintiff and the individual defendant mutually reached an accord regarding the end of their business relationship, including plaintiff agreeing to a new 63/37 percentage split of the profits, accepting an offer of an additional $826,000 payment, and providing wire transfer instructions (see Denburg v Parker Chapin Flattau & Klimpl, 82 NY2d 375, 383 [1993]; Rosenthal v Quadriga Art, Inc., 105 AD3d 507, 508 [1st Dept 2013]). These communications, corroborated by plaintiff's in-court admission, also demonstrate that defendant executed the agreement by wiring the money satisfaction (see Denburg, 82 NY2d at 383). They further demonstrate that the agreed-upon amount was less than plaintiff believed he was owed, thus satisfying the requirement that there be a bona fide dispute as to the amount due (see Complete Messenger & Trucking Corp. v Merrill Lynch Money Mkts., 169 AD2d 609, 610-611 [1st Dept 1991]; see also Manse v Hossington, 205 NY 33, 36 [1912]).
Supreme Court also properly dismissed the misrepresentation claim, as the communications demonstrate the absence of detrimental reliance (CPLR 3211[a][1]; see J.A.O. Acquisition Corp. v Stavitsky, 18 AD3d 389, 390 [1st Dept 2005]). "Where a principal and fiduciary are sophisticated parties engaged in negotiations to terminate their relationship . . . the principal cannot blindly trust the fiduciary's assertions" (Centro Empresarial Cempresa S.A. v AmÉrica MÓvil, S.A.B. de C.V., 17 NY3d 269, 279 [2011]).
Documentary evidence may include electronic communications such as emails, text messages, and, as here, WhatsApp messages, where they conclusively establish the asserted defense (see 4720 Third Ave. Hous. LLC v CA Ventures LLC, 211 AD3d 417, 418 [1st Dept 2022]; Langer v Dadabhoy, 44 AD3d 425, 426 [1st Dept 2007], lv denied 10 NY3d 712 [2008]; see also Popescu v Austin, 2022 NY Slip Op 31275[U], *3 [Sup Ct, New York County 2022]). Plaintiff sent the messages from an account identified as his own, whereby he accepted the offer of settlement (see Matter of Philadelphia Ins. Indem. Co. v Kendall, 197 AD3d 75, 79-80 [1st Dept 2021]).
The remaining claims fail to state a cause of action for relief (CPLR 3211[a][7]). Specifically, the allegations supporting plaintiff's unfair competition due to the misappropriation of his entity's trade name are "speculative and conclusory" (31 Cornelia Props. Corp. v Lemma, 136 AD3d 584, 585 [1st Dept 2016]; see generally ITC Ltd. v Punchgini, Inc., 9 NY3d 467, 477-479 [2007]). Similarly, the statutory claim alleges no "actual or threatened" adoption of his entity's trade name and fails to seek "to enjoin and restrain such actual or threatened violation," the exclusive remedy under the statute (General Business Law § 133; see Fusha Japanese Rest., Inc. v Fusha, 17 AD3d
226, 227 [1st Dept 2005]; Eilat Limousine Serv. for All v Eilat Car & Limousine Serv., 221 AD2d 272, 273 [1st Dept 1995]).
We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 8, 2026